UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOENELL RICE, | ) | CASE NO.  1:23-cv-476 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*Pro se* plaintiff Joenell Rice, a federal prisoner, filed this civil rights action against the
Social Security Administration, Carl B. Stokes United States Courthouse, "Trubull State Prison,"
Cuyahoga County Jail, Correctional Officer Jamison, Correctional Officer Furgonson, Sergeant
Stewart, Warden Coordinator Dean, Unit Manager Kennedy, Sergeant Vargas, Lieutenant
Smucker, Captain Pennson, Captain Courdy, Warden Blackmon, Correctional Officer Ross,
Grievance Coordinator, Commissary Ms. P., Sergeant McCoy, Ms. Sabo, and Ms. Pain (Doc.
No. 1).  Plaintiff alleges in a 43-page handwritten complaint a variety of constitutional claims.

For the following reasons, this case is dismissed.

## I. Background

Plaintiff's complaint is very disjointed and difficult to understand.  Plaintiff does not
provide any coherent set of facts, but rather, he lists a series of purported incidents and claims

regarding his confinement.  According to the Bureau of Prisons, Plaintiff is a federal prisoner currently incarcerated at FMC Butner.  *See* bop.gov/inmateloc//.  At the time Plaintiff filed his complaint, he was incarcerated at Northeast Ohio Correctional Center ("NEOCC").  It appears that Plaintiff's complaint pertains to his alleged treatment at NEOCC.

Plaintiff begins his complaint by stating that he is from Africa, and he is "here to make a claim" to take back what is rightfully his from God because he is an Israelite.  (Doc. No. 1 at 13).  He also states that he wishes to "take hold of [his] trust fund bank account" because he is the rightful owner.  (*Id.* at 15).  Finally, Plaintiff states that he wishes to "remove this gay marriage license" because "gay people don't have no rights" and "our God hates fag[]s."  (*Id.* at 16).

Plaintiff claims generally throughout the complaint that his due process rights have been violated.  He also claims that he has been subjected to racist correctional officers who have discriminated against him.  Additionally, Plaintiff appears to claim that his First and Eighth Amendment rights have been violated.  As best the Court can discern, Plaintiff essentially alleges that correctional officers threw away his legal mail and denied him access to the law library, he has been unlawfully placed in moderate level custody when he should be in low level incarceration, he is being harassed by the correctional officers, the conditions of his confinement are "unsanitary" and "uncivilized," he is not getting a sufficient amount of quality food, and he is not receiving adequate medical care.

Although he fails to cite any case law in support of his allegations, Plaintiff repeatedly advises the court that he has "top knotch case law" that provides him "direct relief."  (*See, e.g.,* Doc. No. 1 at 27, 35-36).  Plaintiff seeks compensatory relief in the amount of "900 trillion dollars, "500 million dollars," "400 hundred trillion dollars," and "200 hundred trillion dollars." He also seeks to "shut this bitch down." (*See* Doc. No. 1 at 6, 8, 14, 16-17).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law when a defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.*  Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.*  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

Further explaining the plausibility requirement, the Supreme Court stated that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the

reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197 (6th Cir. 1996)). The Court is not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. Law and Analysis

Rice's claims arise, if at all, under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 2001, 29 L. Ed. 2d 619 (1971). In *Bivens*, the Supreme Court created a private right of action for damages against federal officers who are alleged to have violated a citizen's constitutional rights. *Id.* at 397. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001); *see also Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (district court properly construed action as a *Bivens* action where the plaintiff alleged that he was deprived of a right secured by the United States Constitution by persons acting under color of federal law) (citing *Bivens*). Under *Bivens*, a plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or the laws of the United States. Second, he must demonstrate that defendants acted under color of federal law. *Bivens*, 403 U.S. at 397.

4

### A. Proper Parties and Claims

*Bivens* provides a cause of action against federal officials acting under color of federal law for certain limited constitutional violations: (1) Fourth Amendment search and seizure; (2) Fifth Amendment gender-discrimination; and (3) Eighth Amendment cruel and unusual punishment.  *Ziglar v. Abbasi*, 137 S. Ct. 1843, 198 L. Ed. 2d 290 (2017).  And expanding *Bivens* remedies to other causes of action is "'disfavored.'" *Id.* at 1857 (quoting *Iqbal*, 556 U.S. at 675).  *See, e.g. FDIC v. Meyer*, 510 U.S. 471, 473-74, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) (rejecting a procedural due process suit against a federal agency for wrongful termination); *Schweiker v. Chilicky*, 487 U.S. 412, 414, 108 S. Ct. 2460, 101 L. Ed. 2d 370 (1988) (rejecting a procedural due process suit against Social Security officials); *United States v. Stanley*, 483 U.S. 669, 671-72, 683-684, 107 S. Ct. 3054, 97 L. Ed. 2d 550 (1987) (rejecting a substantive due process suit against military officers); *Chappell v. Wallace*, 462 U.S. 296, 297, 304-05, 103 S. Ct. 2362, 76 L. Ed. 2d 586 (1983) (rejecting a race-discrimination suit against military officers).

Although the complaint is unclear, it appears that Plaintiff alleges in a conclusory fashion that the defendants have violated his due process rights in connection with a disciplinary proceeding, in being placed in segregated housing, and in the positioning of the prison toilets. Plaintiff also claims that two correctional officers threw out his legal mail when staff moved Plaintiff to a different unit, stating the officers only brought the plaintiff what they wanted to bring him, and staff denied him access to the law library.  Additionally, Plaintiff alleges that the defendants discriminated against him when they would not give him breakfast or dinner and used a racial slur, when they did not allow Plaintiff to use the phone, and when "they lied on [him]" in connection with a grievance and a disciplinary hearing.  These claims, however, are not

5

recognized under *Bivens*. *See Ziglar*, 137 S. Ct. at 1860. Nor are there any reasons to infer a new *Bivens* cause of action for these claims. *Id.* at 1858; *see Robinson v. United States*, No. 4:18-cv-1817, 2019 U.S. Dist. LEXIS 44897, 2019 WL 1255208, at *3 (N.D. Ohio Mar. 19, 2019) ("[I]f there is an alternative remedial structure in place to address a given situation, the Court should not infer a new *Bivens* cause of action.").

Accordingly, the Court will not extend a remedy under *Bivens* for Plaintiff's purported due process, First Amendment access to courts, and racial discrimination claims. These claims are therefore dismissed.

Additionally, *Bivens* authorized damages actions against individual federal officials for alleged civil rights violations, but not federal agencies or entities. *See Meyer*, 510 at 485-86 ("[T]he purpose of *Bivens* is to deter the officer…. An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). The Social Security Administration, Carl B. Stokes United States Courthouse, "Trubull State Prison," and Cuyahoga County Jail may therefore not be sued for damages under *Bivens*. Plaintiff's claims against these defendants are therefore dismissed.

Moreover, Plaintiff cannot pursue a claim against the individual defendants to the extent that they are sued in their official capacities. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001); *Meyer*, 510 U.S. at 484-86; *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). Therefore, to the extent Plaintiff alleges claims against the defendants in their official capacities, those claims are dismissed.

And although a *Bivens* claim can be brought against individuals, in their individual capacity, a plaintiff cannot establish the liability of a defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged

unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561

(1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 U.S. App. LEXIS 36082, 1995 WL 559381

(6th Cir. Sept. 20, 1995). "Because vicarious liability is inapplicable to [civil rights] . . . suits, a

plaintiff must plead that each Government-official defendant, through the official's own

individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. And where individuals

are merely named as defendants in a civil rights action without supporting allegations of specific

conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal

construction afforded to pro se plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188,

190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging

constitutional violations in the body of the complaint is not enough to sustain recovery"); *Frazier

v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not

allege with any degree of specificity which of the named defendants were personally involved in

or responsible for each alleged violation of federal rights).

      Here, Plaintiff does not set forth allegations specifically connecting Ms. Jamison, Warden

Coordinator Dean, Sergeant Vargas, Lieutenant Smucker, Captain Pennson, Captain Courdy,

Correctional Officer Ross, and Ms. Sabo to the unconstitutional conditions or misconduct he

alleges. Rather, their names appear only as defendants listed in the complaint. Plaintiff,

therefore, fails to state a plausible civil rights claim against these defendants upon which relief

may be granted, and any claims against them are dismissed.

      Finally, to the extent any of the defendants were sued in their individual capacities as

supervisors, the doctrine of respondeat superior cannot provide the basis for liability in a *Bivens*

action. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-95, 56 L. Ed. 2d 611, 98 S. Ct.

2018 (1978). For liability to attach to a supervisor, a plaintiff must prove that the supervisor

played more than a passive role in the alleged violations or showed mere tacit approval of the actions of employees.  *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)).  Plaintiff must allege facts suggesting that these defendants condoned, encouraged, or knowingly acquiesced in the alleged unconstitutional misconduct.  *Okoro v. Scibana*, 63 F.App'x 182, 184 (6th Cir.2003) (citing *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995)).  Therefore, any claims asserting supervisor liability, such as those claims possibly asserted against Warden Blackmon, are dismissed.

## B. Eighth Amendment

The Court construes Plaintiff's remaining claims under the Eighth Amendment.  Plaintiff alleges the defendants violated his constitutional rights by (1) providing food that was inadequate in quantity and nutritional quality; (2) placing him in a cell next to an inmate who throws his feces and placing him in a cell formerly occupied by an inmate with AIDS; (3) placing him in segregated housing; (4) harassing him and using racial slurs; and (5) providing inadequate medical care.

The Eighth Amendment protects all people from "cruel and unusual punishments."  U.S. Const. amend. VIII. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981).  The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)).  This requirement,

however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting Rhodes, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter*,175 F.3d 378, 405 (6th Cir. 1999).

In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats but does not address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991), established a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not

9

inadvertence or good faith error.  *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986).  Liability cannot be predicated solely on negligence.  *Id.*  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met.  *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

### 1.  Food

Plaintiff alleges that the commissary does not sell enough food, the meal portions are small, the fruit is canned and not fresh, and the carrots and applesauce have been moldy.

The Sixth Circuit has held that "prisoners have a constitutional right to meals that meet their nutritional needs."  *Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015).  There is no constitutional right, however, that the food provided must be tasty or even appetizing."  *Moody v. Bell*, No. 1:08cv796, 2009 U.S. Dist. LEXIS 83124, 2009 WL 3011505, at * 4 (S.D. Ohio June 26, 2009).  *See also LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (noting that prison food "need not be tasty or aesthetically pleasing"); *Allen v. Aramark Corp.*, No. 3:07CV-P260-M, 2007 U.S. Dist. LEXIS 78979, 2007 WL 3120088, at * 5 (W.D. Ky. Oct. 23, 2007).  Indeed, the Sixth Circuit has held that, while a prisoner is constitutionally entitled to food that is nutritionally adequate for the maintenance of normal health, complaints about "the preparation or quality of prison food" are generally "far removed from Eighth Amendment concerns."  *Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977).  Rather, the Eighth Amendment is implicated only when the food provided to a prisoner is insufficient to maintain normal health.  *See Cain v. MDOC*, No. 1:07-cv-543, 2008 U.S. Dist. LEXIS 119146, 2008 WL 8224197, at * 27 (W.D. Mich. March 31, 2008) (citing *Pratt v. Corrections Corp. of Am.*, 267 F. App'x. 482, 483 (8th Cir. 2008)).

The Court finds Plaintiff's allegations regarding the quantity and quality of food served

fail to demonstrate a sufficiently serious deprivation constituting an Eighth Amendment violation.  First, Plaintiff's allegations are insufficient to satisfy the objective element of the Eighth Amendment.  Plaintiff does not provide any factual allegations that the food—in its quantity or its quality-- is insufficient to sustain normal health.  Plaintiff also fails to allege that he has suffered any physical or medical problems as a result of the food provided to him. Secondly, Plaintiff fails to demonstrate that a particular defendant was aware of the alleged failings in the food provided to Plaintiff or consciously disregarded a substantial risk of serious harm to Plaintiff's health and well-being.  *Farmer*, 511 U.S. at 837.

Accordingly, Plaintiff has failed to state an Eighth Amendment claim concerning the prison food provided at NEOCC.

## 2.  Unsanitary Cell

Plaintiff claims that prison officials placed him in a cell next to "the crazy guy that eats [feces] every day, rubs it on the floor, and throws it out [of] his cell."  He also claims that officials placed him in a cell formerly occupied by an inmate with AIDS and the officials gave Plaintiff a dirty mat.  Plaintiff alleges the conditions were unsanitary and he had to clean his cell three times.  Even if Plaintiff can establish that the cell was unsanitary, Plaintiff has failed to demonstrate any particular defendant placed him in the cell(s) with a sufficiently culpable mind. Plaintiff's claim is devoid of any factual details concerning a particular defendant, referring, rather, to "they" and "they got me next door to a crazy guy."  These statements do not demonstrate the defendants consciously disregarded a substantial risk of serious harm to Plaintiff's health and well-being.  *Farmer*, 511 U.S. at 837.  Plaintiff's Eighth Amendment claim concerning alleged unsanitary cell conditions therefore fails.

### 3.  Segregated Housing

To the extent Plaintiff claims that his placement in segregated housing constitutes cruel and unusual punishment in violation of the Eighth Amendment, his argument fails.  Punitive confinement of a prisoner in restricted and limited privilege housing does not, in and of itself, constitute cruel and unusual punishment.  *Hutto v. Finney*, 437 U.S. 678, 685-86, 98 S. Ct. 2565, 57 L. Ed. 2d 522 (1977); *see also Parker v. Phelan*, No. 4:21CV00233, 2021 U.S. Dist. LEXIS 65420, *6 (N.D. Ohio April 5, 2021).  And Plaintiff does not allege (nor can the Court infer) that while confined in punitive segregated housing he was deprived of the minimal civilized measures of life's necessities.  *Rhodes*, 452 U.S. at 347.  Additionally, even if Plaintiff has demonstrated that he was subjected to an objectively serious prison condition, Plaintiff fails to demonstrate that the defendants acted with subjective deliberate indifference.  *Farmer*, 511 U.S. at 834.

### 4.  Harassment

Plaintiff claims that a correctional officer smashed his bread, refused to give Plaintiff his dinner tray, used a racial slur, and then told Plaintiff to bark like a dog in order to get his food.  To the extent Plaintiff claims this incident constitutes cruel and unusual punishment, the Court finds these actions do not rise to the level of an Eighth Amendment violation.

A purported racist comment and an alleged order for Plaintiff to "bark like a dog," standing alone, is objectively not a condition posing a substantial risk of serious harm.  Verbal harassment or threats may establish a cognizable civil rights claim if the incident resulted in sufficiently severe harm, *see Ivey*, 832 F.2d at 955 (6th Cir.1987) (simple verbal harassment alone does not constitute cruel and unusual punishment), or the comments "approached being threats of terror of instant and unexpected death." *Id.* (citing *Marsh v. Price*, No. CIV.A. 05-CV-

12

277-JMH, 2005 U.S. Dist. LEXIS 29413, 2005 WL 3118121, at *9 (E.D. Ky. Nov. 21, 2005) (citing *Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir. 1986) (guard drew weapon and threatened to shoot prisoner in the back to prevent him from exercising his free speech rights) and *Douglas v. Marino*, 684 F. Supp. 395, 398 (D. N.J. 1988) (prison employee brandished a knife and threatened to stab prisoner)).

Here, Plaintiff does not allege that he suffered any harm resulting from the alleged comments or command, nor does he allege that the officer brandished a weapon or threatened him with instant and unexpected death.  While the Court does not condone the statements allegedly made by the correctional officer, even liberally construing Plaintiff's complaint, the Court finds that the verbal harassment does not constitute a violation of Plaintiff's Eighth Amendment right.  Plaintiff's Eighth Amendment claim based upon the alleged harassing and discriminatory remarks is therefore dismissed.

### 5. Inadequate Medical Treatment

Plaintiff claims that the prison doctor prescribed him medicine that causes diabetes and high blood pressure; when the staff uses mace on other inmates, it bothers his asthma; and he is not receiving "proper medical care" in segregated housing.  Plaintiff's claims do not constitute an Eighth Amendment violation.

In evaluating a deliberate indifference claim concerning medical care or treatment, courts distinguish between cases in which the complaint alleges a complete denial of medical care and those cases when a prisoner claims he received inadequate medical treatment.  *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir.1976); *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011).  When a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Westlake*, 537 F.2d

13

at 860 n.5. It is possible, however, for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id.*

Assuming that Plaintiff has demonstrated a "sufficiently serious medical need," i.e., "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004) (quoting *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990) (emphasis added)), he has satisfied the objective component of deliberate indifference. Plaintiff, however, has failed to allege facts suggesting the defendants recklessly disregarded a substantial risk to his health.

"Ordinary medical malpractice does not satisfy the subjective component" of a medical deliberate indifference claim. *Grose v. Corr. Med. Servs, Inc.*, 400 Fed. App'x. 986, 988 (6th Cir. 2010). And a "a difference of opinion between [an inmate] and the prison health care providers and a dispute over the adequacy of [the inmate's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch*, 32 Fed. App'x. at 707.

Here, the complaint suggests that Plaintiff has received some medical treatment for his purported medical conditions. For example, a doctor prescribed Plaintiff medicine, and a doctor has presumably diagnosed or treated Plaintiff for asthma. Plaintiff complains in a conclusory fashion, however, that he is not receiving "proper medical care" and that he should be removed from segregated housing when the staff are using mace on other inmates. Plaintiff's complaint therefore suggests nothing more than a difference of opinion between Plaintiff and his medical providers. At most, the complaint alleges negligence. Plaintiff alleges no facts suggesting the defendants were deliberately indifferent to his health. Plaintiff's Eighth Amendment claim concerning his medical care is therefore dismissed.

14

### IV. Conclusion

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. §1915(e).  The

Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be

taken in good faith.

**IT IS SO ORDERED.**

**Date:** July 21, 2023

_____

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

15